

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
AIKEN DIVISION

| | |
|---|---|
| MAURICE L. WILLIAMS,<br>    Petitioner,<br><br>vs.<br><br>WARDEN JOSEPH, *FCI Bennettsville*,<br>    Respondent, | §<br>§<br>§<br>§   Civil Action No. 1:23-cv-4009-MGL<br>§<br>§<br>§ |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PETITION WITHOUT PREJUDICE
AND WITHOUT REQUIRING RESPONDENT TO FILE A RETURN**

Petitioner Maurice L. Williams (Williams), proceeding pro se, filed a petition for writ of habeas corpus (Williams's Petition) under 28 U.S.C. § 2241.

This matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge recommending the Court dismiss Williams's Petition without prejudice and without requiring Respondent Warden Joseph (Joseph) to file a return. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court

may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions.  28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on August 28, 2023.  Williams timely objected on September 14, 2023.  The Court has reviewed the objections, but holds them to be without merit.  It will therefore enter judgment accordingly.

Williams objects that the Magistrate Judge misinterprets the Supreme Court's decision in *Jones v. Hendrix*, 143 S. Ct. 1857 (2023).

*Jones* discusses the interplay between Section 2241 and 28 U.S.C. § 2255.  Specifically, it holds that a petitioner is unable to use Section 2255(e)'s "savings clause"—which allows an individual to seek habeas relief under Section 2241 if a Section 2255 petition is "inadequate or ineffective[,]"—to circumvent the prohibition against second and successive petitions under Section 2255(h).  143 S. Ct. at 1868.  Thus, a petitioner is unable to use a new, favorable interpretation of a criminal statute to satisfy the savings clause.  *Id.*

Contrary to Williams's assertions, this interpretation fails to "eliminate" the savings clause "altogether."  Objections at 3.  Indeed, *Jones* discussed several situations in which the savings clause may apply, such as dissolution of the sentencing court or the inability of the petitioner to appear for hearings in the sentencing court.  143 S. Ct. at 1866.

Nor is *Jones* limited to circumstances in which the previous habeas petition addressed the same issue the petitioner wishes to challenge in a subsequent petition.  The opinion fails to make any such distinction.  Indeed, the Supreme Court's reasoning that "Congress has chosen finality over error correction[,]" *id.* at 1869, applies to cases when the petitioner neglected to raise the exact issue in his initial habeas petition.

Therefore, for these reasons, the Court will overrule Williams's objections.

After a thorough review of the Report and the record in this case under the standard set forth above, the Court overrules the objection, adopts the Report, and incorporates it herein. Therefore, it is the judgment of the Court Williams's Petition is **DISMISSED WITHOUT PREJUDICE** and without requiring Joseph to file a return.

To the extent Williams seeks a certificate of appealability, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 21st day of September 2023, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

The parties are hereby notified of the right to appeal this Order within sixty days from the date hereof, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.